Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9007 | **DATE** | 7/14/2004 |
| **CASE TITLE** | Keruna Kyles vs. Chicago Police Officer M. Thiel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Martha Thiel's Motion for Summary Judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 7-16-04 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAP | courtroom deputy's initials | 2004 JUL 16 AM 8:00 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

KERUNA KYLES,

    Plaintiff,

v.

CHICAGO POLICE OFFICER M.
THIEL, STAR NO. 19781,

    Defendant.

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

Case No. 01 C 9007

Hon. Harry D. Leinenweber



## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

After a long evening of carousing with friends on the North side of Chicago, during which Plaintiff Keruna Kyles (hereinafter, "Kyles") ingested substantial amounts of heroin, marijuana, and alcohol, she decided to replenish her finances by propositioning area motorists. As luck would have it, her first "customer" was a man driving a stolen taxi cab. The customer violated several traffic laws while driving through the North Side which caused the police to give chase. After some near-miss accidents, the customer exited the cab while it was still moving, leaving Kyles, who was in the passenger seat, to control the vehicle. She was attempting to steer the vehicle when it smashed into a parked car which caused it to stop.

Chicago police officer Martha Thiel (hereinafter, "Thiel") and a male partner arrived at the scene soon after the accident had

occurred, and immediately assisted Kyles in exiting the cab, which was rapidly leaking fluid. Kyles was placed on the ground lying on her stomach while her wrists were handcuffed behind her. She was then lifted to her feet by the two officers. The method by which she was lifted is disputed. Kyles contends that she was jerked to her feet by the handcuffs, during which she felt two "pops." The officers and an eye witness, Edward Rivera, however testified that the officers raised her by each lifting her by an arm.

Kyles was placed in an ambulance, which had been called to the scene by the officers, and was taken to Illinois Masonic Medical Center, where she was diagnosed as suffering from fractures of four ribs, a pulmonary contusion called a pneumothorax, and an intra-capsular hematoma, all injuries to internal structures of the body. Dr. R. Lawrence Reed, an expert witness retained by Officer Thiel, examined the medical records and testified that these injuries were obviously caused by a severe blunt chest and abdominal trauma consistent with the car crash described by the parties, and could not possibly have been caused by rough handling during the arrest as described by Kyles. According to Dr. Reed, the two "pops" Kyles described were probably caused by unstable fractured rib bones moving against each other, which although possibly pain producing would not have caused any additional harm to Kyles. Kyles produced no evidence by way of medical testimony at all to counter the

testimony of Dr. Reed, who is board certified in surgery with further certification in critical care.

## II. **DISCUSSION**

To prevent summary judgment, a non-moving party must show more than a metaphysical doubt as to the material facts. There must be sufficient evidence on which a jury could reasonably find for the non-moving party, Kyles in this case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Here Kyles charges that Thiel caused her to sustain fractured ribs through excessive force. Thiel and the independent witness testified that, in the process of arresting an alleged taxi thief and traffic law violator who appeared to be attempting to elude arrest, Kyles was helped from the cab by Thiel, placed on the ground to be handcuffed, and raised back to her feet by her arms, in order to be transported to the hospital by ambulance. Kyles alone testified to being jerked up by her handcuffs. However, her testimony is suspect in the eyes of the law because she was admittedly under the influence of illegal drugs and alcohol at the time, and was a convicted felon. Even if the court were to credit Kyles' version, she still fails to make out an excessive force claim against Officer Thiel, because the officer's conduct was objectively reasonable under the circumstances. See Smith v. City of Chicago, 242 F.3d 737 (7th Cir. 2001). Because, even if Kyles was jerked to her feet by the handcuffs rather than being lifted by her arms, she produced no

evidence that this was done with an intent to harm her, and, more importantly, this action did cause her any physical harm. Kyles gave a history of the auto accident at the hospital emergency room and pointedly did not give any history of police brutality. The type of injury, blunt trauma to the chest, is obviously the type of injury that one would expect to result from a crash between a rapidly moving automobile and a parked vehicle, and not from a jerk on handcuffs. The only testimony linking the two was provided by Kyles herself and she is not a medical expert. As such she is not qualified to provide testimony involving a causal relation between a specific trauma and an injury except to the most obvious, basic kind, such as would be the case if she was trying to establish that her injuries were caused by the crash of the taxi into the parked car.

Kyles, having failed to establish her case, must therefore lose.

### III. CONCLUSIONS

For the reasons stated herein, the Defendant Martha Thiel's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: July 14, 2004